United States District Court
Southern District of Texas
**ENTERED**
March 11, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Brett Maurice Disiere,<br>　　Petitioner,<br><br>v.<br><br>Lorie Davis,<br>Director, Texas Department of<br>Criminal Justice, Correctional<br>Institutions Division,<br>　　Respondent. | §<br>§<br>§<br>§     Civil Action H-18-1124<br>§<br>§<br>§<br>§<br>§<br>§ |

# Memorandum and Recommendation

Brett Maurice Disiere filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2014 conviction for aggravated bank robbery. (D.E. 5.) The petition has been referred to this magistrate judge for report and recommendation. (D.E. 3.) Davis moved to dismiss Disiere's petition for lack of jurisdiction because it is successive, or in the alternative for summary judgment because Disiere's claims are time-barred and unexhausted. (D.E. 15.) Because Disiere's petition is successive, the court recommends dismissing it for lack of jurisdiction.

Disiere pleaded guilty to aggravated robbery in the 410th Judicial District Court for Montgomery County and was sentenced to twenty-five years in prison on December 19, 2014. He also pleaded guilty to aggravated robbery in the 434th Judicial District Court for Fort Bend County and was sentenced to twenty-five years in prison on May 18, 2015.

On December 22, 2016, Disiere filed a petition for federal writ of habeas corpus under 28 U.S.C. § 2254 challenging a prison disciplinary punishment. *Disiere v. Davis*, Civ. No. 4:16-3762 (S.D.

Tex. filed Dec. 22, 2016). The case was dismissed with prejudice on January 26, 2017.

On April 9, 2018, Disiere filed the instant federal petition for writ of habeas corpus challenging his 2014 conviction, which he amended on June 29, 2018. (D.E. 5.) Disiere claims that his Constitutional right to due process was violated because the state court did not have jurisdiction over his case. (D.E. 5 at 5.) He argues that only United States District Courts have jurisdiction over criminal prosecutions for bank robberies. (D E. 5 at 5.) Davis moved to dismiss Disiere's petition as successive to his December 2016 petition. Disiere concedes that his petition may be successive and requests that this court transfer his case to the Fifth Circuit for review. (D.E. 19 at 2–3.)

Disiere's petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under AEDPA, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C.A. § 2244(b)(3).

"[A] prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). "[T]he phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Magwood v. Patterson*, 561 U.S. 320, 333 (2010). "AEDPA's bar on second or successive petitions only applies to a later-in-time petition that challenges the same state-court judgment as an earlier-in-time petition." *In re Lampton*, 667 F.3d 585, 588 (5th Cir. 2012).

A challenge to a disciplinary proceeding constitutes a challenge to the underlying state-court judgment. Therefore, a later challenge to the underlying judgment is successive. *Propes v. Quarterman*, 573 F.3d 225, 230 (5th Cir. 2009); *see also Woods v. Dir., TDCJ-CID*, No. 6:17-CV-446, 2018 WL 2077612, at *1 (E.D. Tex. May 4, 2018). This is because "disciplinary proceedings do not result in separate judgments. There is one judgment that has placed [the petitioner] in

2

prison. Included within the results of that judgment are disciplinary proceedings that occur while he is subject to the conviction." *Propes*, 573 F.3d at 230.

Disiere's present federal habeas petition is successive. He is serving two concurrent sentences on two judgments imposed by two separate state courts. His 2016 petition challenging his disciplinary case necessarily challenged both judgments, because he is serving time simultaneously on both judgments. *Cf.* Tex. Gov. Code Sec. 498.001(2)(C) (defining "term" as "the longest term of confinement in the institutional division stated in the sentence of the convicting court, if the inmate is serving two or more concurrent sentences"). His present challenge to the 2014 conviction is thus successive to his 2016 petition challenging the disciplinary proceeding, even though the 2016 petition does not specify which of the two state court judgments he was challenging.

Because the instant petition is successive, Disiere was required to seek authorization in the Fifth Circuit before filing it. He did not do so. This court lacks jurisdiction. *See United States v. Key*, 205 F.3d 773, 775 (5th Cir. 2000) (cited in *Seymore v. Davis*, Civ. No. H-18-1030, 2018 WL 1697126, at *1 (S.D. Tex. Apr. 5, 2018)).

A district court may transfer a successive habeas petition to the circuit court for review under 28 U.S.C. § 2244(b)(2). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Under 28 U.S.C. § 1631, three conditions must be satisfied to warrant transfer: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. 28 U.S.C. § 1631; *Cruz–Aguilera v. I.N.S.*, 245 F.3d 1070 (9th Cir. 2001) (quoted in *Cathey v. Davis*, Civ. No. H-15-2883, 2016 WL 9449783, at *4 (S.D. Tex. May 20, 2016)).

Transfer to the Fifth Circuit is not in the interest of justice because Disiere's petition is unexhausted and time-barred. Disiere has not presented any of his claims to the Texas Court of Criminal Appeals. Several years have passed since he was convicted.

3

The interests of justice weigh heavily against transferring his petition to the Fifth Circuit, only for the petition ultimately to be dismissed as unexhausted and time-barred. The court recommends granting Davis's motion for summary judgment and dismissing Disiere's petition.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on March 11, 2019.

---
Peter Bray
United States Magistrate Judge